IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO RONNIE TOWNSEND,

    Plaintiff,                             No. 2:12-cv-2138 GGH P

    vs.

SACRAMENTO COUNTY MAIN JAIL,

    Defendant.                            ORDER

/

       Plaintiff, who is confined in a state hospital and is proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This case is before the undersigned pursuant to plaintiff's consent. Doc. 3.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A
16  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
17  the reasonable inference that the defendant is liable for the misconduct alleged." Id.

18  In reviewing a complaint under this standard, the court must accept as true the
19  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
20  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
21  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
22  1843 (1969).

23  Plaintiff's complaint fails to name any defendants nor does it identify any specific
24  actionable claims.  It is more of a treatise of plaintiff's complaints about Sacramento County
25  \\\\\
26  \\\\\

Main Jail, where it appears he was temporarily housed at some point, Atascadero State Hospital[1] where he is currently housed, and generally the entire political system in California, the criminal justice system including police officers, public defenders, assistant district attorneys, judges and correctional officers at state facilities. With respect to conditions of confinement, the only claims that could potentially be cognizable in the complaint, plaintiff describes how the guards are mean spirited, the food is bad, the showers and cells are dirty and the other prisoners can be difficult. While it is possible for claims such as these to state an Eighth Amendment violation, plaintiff would need to describe a specific incident and the defendants responsible for the conduct. Moreover, any conduct would need to have affected plaintiff, not another prisoner. Any allegations involving Atascadero State Hospital are unrelated to those involving the Sacramento County Jail, and must be brought in a separate action in the Northern District of California, where that facility is located.[2]

       The complaint will be dismissed with leave to file an amended complaint within 28 days of service of this order. No further amendments will be allowed. Failure to file an amended complaint will result in this action being dismissed.

       The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

---

[1] A great deal of the complaint involves Atascadero State Hospital which the court will not address, as those claims must be brought in the Northern District of California.

[2] George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"). Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

1  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
2  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
3  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
4  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
5  omits to perform an act which he is legally required to do that causes the deprivation of which
6  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7  Moreover, supervisory personnel are generally not liable under § 1983 for the
8  actions of their employees under a theory of respondeat superior and, therefore, when a named
9  defendant holds a supervisorial position, the causal link between him and the claimed
10 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
11 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
12 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
13 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14 Cir. 1982).

15 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
18 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
19 there is some affirmative link or connection between a defendant's actions and the claimed
20 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
21 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
22 vague and conclusory allegations of official participation in civil rights violations are not
23 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
25 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
26 amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

          In accordance with the above, IT IS HEREBY ORDERED that:

          1.  Plaintiff's request for leave to proceed in forma pauperis (Doc. 9) is granted;

          2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint, within twenty-eight days from the date of service of this order.  No further amendments will be allowed.  Failure to file an amended complaint will result in this action being dismissed.

DATED: October 12, 2012

          /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH: AB
town2138.b

5